**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4255**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL ANDREW DAVILA,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George Jarrod Hazel, District Judge. (1:17-cr-00025-GJH-1)

Submitted: November 30, 2018                    Decided: December 13, 2018

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Nicolas A. Mitchell, Assistant United States Attorney, Sarah E. Edwards, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Andrew Davila was convicted following a bench trial of: (1) conspiracy to provide contraband to an inmate in prison, 18 U.S.C. § 371 (2012); (2) attempt to obtain contraband in prison, 18 U.S.C. § 1791(a)(2) (2012); (3) attempted possession with intent to distribute marijuana, 21 U.S.C. § 841 (2012); and, (4) witness and evidence tampering, 18 U.S.C. § 1512(b)(2)(B) (2012). He was sentenced to a total term of 30 months' imprisonment. Davila timely noted an appeal.

At the time of the underlying offenses, Davila was an inmate at the Chesapeake Detention Facility ("CDF") in Baltimore, Maryland. Construing the facts in the light most favorable to the Government, *United States v. Watson*, 703 F.3d 684, 689 (4th Cir. 2013), the evidence before the district court established the following. In early 2016, prison officials at CDF began to discover contraband left in the visiting booths at the prison. An investigation revealed that Davila was the likely source and, therefore, prison officials placed a "mail cover" in order to monitor Davila's incoming and outgoing mail. Based on evidence obtained in several of his letters to his then-wife, officials monitored her visits and soon discovered that, pursuant to instructions from Davila, she had smuggled suboxone strips, marijuana, tobacco, and matches into the facility during her visits. Davila was subsequently indicted. Davila filed a motion to suppress, arguing that the mail cover instituted by prison officials to search his mail violated his rights under the First and Fourth Amendments. After a hearing, the district court denied the motion.

Davila was found guilty of all charges after a bench trial. Based on a total offense level of 14 and a criminal history category of VI, Davila's advisory Guidelines range was

2

37 to 46 months' imprisonment. At sentencing, the district court denied Davila's request for a two-level reduction for acceptance of responsibility, U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2016), and imposed a 30-month sentence on each count, to run concurrently. Davila appeals, challenging both the denial of his motion to suppress and the denial of the two-level reduction under § 3E1.1.

We review the district court's factual findings regarding the motion to suppress for clear error, and the court's legal conclusions de novo. *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016). "When, as here, a motion to suppress has been denied, we view the evidence presented in the light most favorable to the government." *Watson*, 703 F.3d at 689.

This court has held that a prison official's decision to open and inspect an inmate's outgoing mail is constitutional so long as it is "reasonably related to legitimate penological interests." *Altizer v. Deeds*, 191 F.3d 540, 547 (4th Cir. 1999) (internal quotation marks omitted). As the Supreme Court has noted, the investigation and prevention of ongoing, illegal inmate activity furthers the legitimate penological objectives of prison security and inmate rehabilitation. *See Thornburgh v. Abbott*, 490 U.S. 401, 411-12 (1989) (noting that "dangerous outgoing correspondence" includes "plans relating to ongoing criminal activity," which pose a "serious threat to prison order and security"); *Procunier v. Martinez*, 416 U.S. 396, 412-13 (1974) (foiling inmates' ongoing criminal activity is legitimate governmental interest); *see also Stroud v. United States*, 251 U.S. 15, 21 (1919) (holding that the Fourth Amendment does not prohibit the examination of prisoners' mail).

3

Here, based on a review of the visitor's logs and observation of the visiting booths before and after visits to Davila, prison officials had reason to believe that Davila was using his wife to smuggle contraband into the prison. We find that the imposition of the mail cover was reasonably related to the legitimate penological goal of preventing the smuggling of contraband into the prison and, hence, did not violate Davila's constitutional rights.

Turning to Davila's sentencing claim, under USSG § 3E1.1, a district court may award a two-level reduction for a defendant who "clearly demonstrates acceptance of responsibility for his offense." *United States v. Jeffery*, 631 F.3d 669, 678 (4th Cir. 2011) (internal quotation marks omitted). This court has noted that "[a]lthough the reduction is not intended to apply to a defendant who puts the government to its burden of proof at trial, . . . going to trial does not automatically preclude the adjustment." *Id.* (internal quotation marks and citation omitted); *see* USSG § 3E1.1 cmt. n.2. "In rare situations, such as when the defendant goes to trial to assert and preserve issues that do not relate to factual guilt, . . . an adjustment may still be appropriate." *Jeffery*, 631 F.3d at 678 (internal quotation marks omitted). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, and thus . . . the determination of the sentencing judge is entitled to great deference on review." *Elliott v. United States*, 332 F.3d 753, 761 (4th Cir. 2003) (internal quotations and brackets omitted).

Here, the district court recognized its authority to grant the reduction, but declined to do so, finding that it would not be appropriate under the circumstances of this case. We find no error in the court's decision.

4

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*